UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES W. BARA,

    Plaintiff,                                             Case No. 3:20-cv-01347

v.

NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER

    Defendant.

_____/

## COMPLAINT

**NOW COMES** James W. Bara ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes § 559.55.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA and FCCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida, the events or omissions giving rise to this cause of action occurred in the Middle District of Florida, and maintains significant business contacts in

1

the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a national mortgage originator and servicer. Defendant originates and services thousands of mortgage loans nationwide. Defendant is a limited liability company organized in the State of Delaware, and is an indirect, wholly-owned subsidiary of Nationstar Mortgage Holdings, Inc., a Delaware Company. Defendant is directly owned by two entities: (1) Nationstar Sub1 LLC ("Sub1") (99%) and (2) Nationstar Sub2 LLC ("Sub2") (1%). Both Sub1 and Sub2 are Delaware limited liability companies that are 100% owned by Nationstar Mortgage Holdings Inc. Defendant, Sub1, Sub2, and Nationstar Mortgage Holidings, Inc. each maintain their principal place of business at 350 Highland Drive, Lewisville, Texas 75067.

## FACTS SUPPORTING CAUSES OF ACTION

6. Around 2017, Defendant acquired the right service Plaintiff's defaulted mortgage ("subject debt").

7. Around July 2020, Defendant began placing collection calls to Plaintiff's cellular phone number, (904) XXX-8506, in an attempt to collect on the subject debt

8. At all times relevant to the instant action, Plaintiff was the sole owner, processor, and operator of the cellular telephone number ending in 8506.

9. Shortly after the calls began, Plaintiff answered a call from Defendant. During this call, Plaintiff informed Defendant that he was represented by an attorney, gave his attorney's information, and requested that Defendant cease calling him.

10. Despite Plaintiff's demand the phone calls cease, Defendant continued to place collection calls to Plaintiff's cellular phone.

11. On October 16, 2020, Plaintiff answered another call from Defendant. During this call, Plaintiff *again* informed Defendant that he was represented by an attorney and *again* requested the calls stop.

12. Even armed with knowledge Plaintiff was represented by counsel and that he wished the calls to stop, Defendant continued to place collection calls to Plaintiff's cellular phone.

13. Notwithstanding that Plaintiff was represented by counsel and Plaintiff's multiple requests that Defendant cease placing phone calls to his cellular phone, Defendant placed or caused to be placed unrelenting harassing phone calls to Plaintiff's cellular phone between July 2020 to the present day.

14. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

## DAMAGES

16. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

17. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls and text message, emotional distress, mental anguish,

3

anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

18. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

19. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

20. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

21. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

22. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

23. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

24. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

25. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between July 2020 and the present day, using an ATDS without his consent.

26. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

27. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

28. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

29. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

30. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

31. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff JAMES W. BARA respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

32. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

33. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

34. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. § 559.51(1).

35. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

36. Defendant violated sections 559.72(7) and 559.72(18) of the FCCPA through its unlawful conduct.

    **a.    Violations of FCCPA § 559.72(7)**

37. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

38. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff demanded that Defendant stop calling him. Defendant ignored Plaintiff's wishes and continued to place numerous harassing phone calls to Plaintiff's cellular phone.

      **b.**      **Violations of FCCPA § 559.72(18)**

39. Section 559.72(18) prohibits communication "with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication." .

40. Defendant violated § 559.72(18) of the FCCPA by continuing to contact Plaintiff after being put on notice that Plaintiff was represented by counsel and who that counsel is.

**WHEREFORE**, Plaintiff JAMES W. BARA requests that this Honorable Court:
    a. Enter judgment in Plaintiff's favor and against Defendant;
    b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
    c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
    d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
    e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and
    f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 30, 2020    Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*